# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of -- ) ) ) | |
| Dellew Corporation ) | ASBCA No. 58538 |
| ) | |
| Under Contract No. FA5215-08-C-0008 ) | |

APPEARANCES FOR THE APPELLANT: Jonathan A. Demella, Esq.
Kate H. Kennedy, Esq.
  Davis Wright Tremaine LLP
  Seattle, WA

James F. Nagle, Esq.
  Oles Morrison Rinker & Baker LLP
  Seattle, WA

APPEARANCES FOR THE GOVERNMENT: Jeffrey P. Hildebrant, Esq.
  Air Force Deputy Chief Trial Attorney
Heather M. Mandelkehr, Esq.
Michelle D. Coleman, Esq.
  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE PAGE ON APPELLANT'S APPLICATION UNDER THE EQUAL ACCESS TO JUSTICE ACT

By Summary Proceeding with Binding Decision (*see* Addendum II, ¶ 7(b) to Board's Rules, 48 C.F.R., ch. 2, app'x A, pt. 2) dated 4 April 2016, the Board sustained appellant's appeal in part. *Dellew Corporation*, ASBCA No. 58538, 2016 WL 1594955 (non-precedential). In its 4 May 2016 application under the Equal Access to Justice Act (EAJA), Dellew Corporation (Dellew or appellant) sought to recover attorneys' fees in the amount of $64,733.33 (*see* appellant's application and brief in support (app. br.) and appellant's reply brief (app. reply br.) at 1, 9). The government opposed Dellew's EAJA request on procedural and substantive bases (*see* government's opposition and brief in support (gov't br.) and the government's reply brief (gov't reply br.)). In response to the government's procedural arguments (gov't br. at 2-3) that appellant's EAJA application erroneously cited 28 U.S.C. § 2412(d) instead of 5 U.S.C. § 504(a)(2), the contractor's revised application now relies upon the correct statute and has decreased the amount sought to $42,631.25 in accordance with the $125 per hour limit (app. reply br. at 1 n.1).

DECISION

As the parties entered into an Alternative Disputes Resolution (ADR) agreement, requesting that the Board adjudicate this appeal using a summary binding decision issued by a single judge, appellant's EAJA application is considered under the same rubric, as "[o]nly one threshold determination is to be made for the entire proceeding." *Military Aircraft Parts*, ASBCA No. 59978, 15-1 BCA ¶ 36,175 at 176,513 (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990)); *compare* Board Rules 12.2(c) and 12.3(c); *also Amaratek*, ASBCA Nos. 59149, 59395, 15-1 BCA ¶ 35,866 at 175,349 n.1.[1] It is the Board's determination that government's position was not substantially justified. *See, e.g., SWR, Inc.*, ASBCA No. 56708, 15-1 BCA ¶ 35,832 at 175,213-24, 175,231-33 (concerning the proper construction of FAR 52.212-4(l), the standard termination for convenience clause set forth in commercial items contracts, especially the discussion of general and administrative expenses as a burden and profit). The Board exercises its discretion in allocating a portion of the contractor's EAJA request where, as here, the contractor does not prevail in the entirety (*see, e.g., Gerald R. Rouillard III dba International Gear Technologies*, ASBCA No. 58692, 14-1 BCA ¶ 35,542 at 174,168), and reminds the government that the denial of a motion for summary judgment (as was the case in this appeal (*Dellew Corporation*, ASBCA No. 58538, 15-1 BCA ¶ 35,975)) is not a determination on the merits (*see, e.g., Kellogg Brown & Root Services, Inc.*, ASBCA Nos. 58518, 59005, 16-1 BCA ¶ 36,408 at 177,523).

Dellew: (1) qualifies as an eligible party for the recovery of EAJA fees; (2) was a prevailing party and the government's positon was not substantially justified, with the exception of the latter's position regarding DFARS 252.232-7007(c) in the parties' cross-motions for summary judgment; for this, 25% of the amount sought is deducted; (3) is subject to a further decrease of 10% of the requested attorneys' fees as a result of the reductions to the categories and certain amounts which Dellew sought in their summary proceeding binding position; and (4) cannot recover $1,825 in attorneys' fees sought, as these were not shown to be for work relevant to this appeal. Dellew is awarded a total of $25,886 in attorneys' fees under the Equal Access to Justice Act.

Dated: 20 October 2016

REBA PAGE
Administrative Judge
Armed Services Board
of Contract Appeals

---

[1] An application for EAJA fees should not result in another litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Kostmayer Construction, LLC*, ASBCA No. 55053, 09-2 BCA ¶ 34,302 at 169,443.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals on an application for fees and other expenses incurred in connection with ASBCA No. 58538, Appeal of Dellew Corporation, rendered in accordance with 5 U.S.C. § 504.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
